IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John E. Suggs, Jr., ) | |
| ) | CIVIL ACTION NO. 9:07-3850-RBH-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Captain Jamie C. Turner, ) | |
| Sheriff's Department and ) | |
| Det. Chris Christmas, City Police ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action was filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was a detainee at the Sumter-Lee Regional Detention Center, alleges violations of his constitutional rights by the named Defendants.[1]

The Defendant James Turner filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on June 30, 2008. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on July 1, 2008, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted. Thereafter, the Defendant Christmas also filed a motion for summary judgment on July 7, 2008, following which a second Roseboro order was issued on July 8, 2008.

After receiving an extension of time to respond, Plaintiff filed a memorandum in

---

[1] In addition to the Defendants Turner and Christmas, the Plaintiff also initially named the Sumter County Sheriff's Department, the Sumter County Solicitor's Office, and Solicitor Stephanie Defargo as party defendants in this case. Those Defendants were dismissed by Order of the Court filed March 10, 2008. See Court Docket Nos. 27 and 47.



opposition to the motions for summary judgment, with attached exhibits, on September 17, 2008, and both Defendants filed reply memoranda on September 29, 2008. Defendants' motions are now before the Court for disposition.[2]

**Background and Evidence**

Plaintiff alleges in his verified complaint[3] that on March 17, 2005, he fell asleep and his bedroom mattress caught fire. Plaintiff alleges that he and his mother put the fire out and called the fire department, and that when the fire department arrived, and after examination of the damage, the Defendants Christmas (a police detective) and Turner (a Sheriff's Deputy) insisted that he had started the fire even though the fire department ruled the fire's origin to be "undetermined". Plaintiff alleges that he was "wrongfully and falsely arrested" on the charge of arson in the second degree, and that he was thereafter wrongfully held for eighteen (18) months at the Sumter-Lee Regional Detention Center before the charge was ultimately dismissed by the Third Circuit Solicitor's Office. Plaintiff further alleges that, at the time of the filing of his complaint, he was incarcerated on a separate, unrelated charge of arson in the second degree, which was only filed against him in retaliation for his initial dismissed charge and because he threatened to file a civil claim concerning that initial charge. Plaintiff asserts claims for false arrest and wrongful imprisonment, and seeks

---

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed motions for summary judgment. As there are dispositive motions, this Report and Recommendation is entered for review by the Court.

[3] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



monetary damages.  See generally, Verified Complaint.

In support of summary judgment in the case, the Defendant Turner has submitted an Affidavit where he attests that he is a Captain with the Sumter County Sheriff's Department, and that he is aware that Plaintiff has been arrested on several occasions for arson related crimes.  With respect to the fire in Plaintiff's home on March 17, 2005, Turner attests that Sargent Robert Baker was the first to respond to this incident.  Turner attests that Baker left his job with the Sheriff's Department the day following this incident, and that since the investigation was not completed, he [Turner] became involved in the investigation.

Turner attests that once the fire department investigators, Bryan Horton and the Defendant Christmas, completed their investigation, they provided him with their investigative reports.  See Exhibit A 2 Turner Affidavit.  Turner attests that the fire investigators determined that Plaintiff's version of how the fire started was not credible.  Plaintiff had claimed that a Tracy Marrow had thrown something into his bedroom through the window and started the fire, but fire department investigators determined that Marrow was in Myrtle Beach at the time of the fire and further noted that the window was closed and not broken and there was no sign of an accelerant in the bedroom.  The fire investigators further advised Turner that the burn patterns indicated that the fire had been started by an open flame, which indicated arson, and that based on the determination of the fire department investigators that the fire had been intentionally set and that Plaintiff's story could not be true, he [Turner] decided to obtain an arrest warrant to for the Plaintiff.  See Exhibit B to Turner's Affidavit.  Turner attests that he arrested the Plaintiff on March 18, 2005, and that no one from the fire department was with him at the time of the arrest.

Turner also attests that Plaintiff had a preliminary hearing, where probable cause was



found for the charge. Turner attests that he testified at the preliminary hearing, and that he also provided all of his investigation materials to the solicitor. Turner attests that Plaintiff's case was presented to the Grand Jury on January 5, 2006, which returned an indictment on the charges. See Exhibit C to Turner Affidavit. Turner attests that he subsequently received a letter from Plaintiff admitting that he originally lied about how the fire had started. See Exhibit D to Turner Affidavit. Finally, Turner attests that he was not involved in the prosecution of the charges, as the Solicitor's Office prosecuted the charges, and that at no time did he attempt to retaliate against the Plaintiff for bringing this lawsuit. See generally, Turner Affidavit, with attached Exhibits.

An Affidavit has also been submitted from Robert Baker. Baker is presently Director of County Emergency Management of Sumter County, but had previously been employed by the Sumter County Sheriff's Department. Baker attests that on March 17, 2005, he was called to investigate a house fire at Plaintiff's residence, and that upon arrival it was obvious that Plaintiff had been drinking. Baker attests that Plaintiff advised him at that time that he had been smoking in his room and had passed out, but that he did not want this information known since his mother did not allow him to smoke inside the house. Baker attests that since he did not see any signs of an accelerant in the room, and thought it was possible that the fire had occurred as Plaintiff stated, he decided not to charge Plaintiff with anything and left the scene. However, fire department investigators, who were also at the scene and who were responsible for determining the cause and origin of the fire, were continuing their investigation when he left. Baker attests that he assumed his new position as the Director of County Emergency Management the following day, and therefore had no further dealings with any investigation or charges. Baker attests that Plaintiff never told him that the fire started when someone threw something through his window, and that if Plaintiff had told him that, he believes there

4



would have been probable cause to arrest the Plaintiff, as that clearly was not how the fire had started. Baker also attests that he has seen the reports of the fire department investigators, believes it is possible that the fire could have been started by an open flame as they suggest, and that if Plaintiff told the fire department investigators or Sheriff's Department investigators the story in their reports, he believes there was probable cause to arrest Plaintiff for arson. See generally, Baker Affidavit.

The Defendant Bryan Christmas has also submitted an Affidavit, in which he attests that he is a member of both the Fire Department and the Police Department of the City of Sumter. Christmas attests that he has been a fire department investigator for over five (5) years, that he has received training in fire cause and origin investigation from the South Carolina Fire Academy and the National Fire Academy, and that he is on the Board of Directors of the South Carolina Chapter of the International Association of Arson Investigators and undergoes continuing training and education on a quarterly basis. Christmas attests that he responded to a fire scene on March 17, 2005, at which time Plaintiff stated that Tracy Marrow, a person who used to live next door, threw something through his bedroom window that caught the room on fire. Christmas attests that Plaintiff smelled of alcohol and admitted that he had been drinking, stated that he was in the room when the fire started, and that he had not smoked any cigarettes in the house. Christmas attests that as a result of his investigation, he could tell from the burn patterns that the window was closed when the fire started, that while a cigarette was discovered on the floor on the left side of the window by the bed, it was uninsulated and unburnt, and that because there was no burning on the floor or the side of the window where the cigarette was located, he determined that the cigarette was not the cause of the fire. Christmas further attests that Plaintiff did not tell the truth about how fire started, because examination of the fire scene did not reveal any material that could have been thrown through the window to start the fire. In



addition, because the window was shut at the time the fire started, Christmas did not believe the fire was started by any material being thrown through the window from the outside.

Christmas attests that from all the evidence, it was his opinion to a reasonable degree of professional certainty that the fire was started from inside the room by someone with an open flame. He typed up a summary of his findings, which is attached as Exhibit A to his Affidavit, and provided it to the Sheriff's Office. See Attachment A to Christmas Affidavit. Christmas attests that he was not present when Plaintiff was arrested the following day, that he did not participate in the decision to arrest the Plaintiff or make a determination of probable cause, and that he merely investigated the cause of the fire and reported his findings to the Sheriff's Office. Christmas attests that he had no further involvement with the Plaintiff regarding this fire after investigating it on March 17, 2005, and did he attend any court proceedings. Christmas attests that he later learned that Plaintiff recanted his story about the fire being started by Marrow, and claimed that he had started the fire when he fell asleep while smoking a cigarette in bed. See also Exhibit B to Christmas Affidavit. However, while he did not participate in the decision to arrest the Plaintiff for arson, Christmas attests that he does believe that the Sheriff's Office had probable cause to arrest Plaintiff for arson based on his untrue initial story and the determination that the fire was not caused by the cigarette found in the room. See generally, Christmas Affidavit with attached Exhibits.

The Defendants have also submitted an Affidavit from Brian Horton, a fire department investigator who was on the scene with Christmas that night, and who affirms the facts attested to by Christmas in his Affidavit and who attests that he came to the same conclusions as Christmas about the origins of the fire. Horton attests that he typed up a summary of his findings shortly after his investigation and provided it to Lieutenant Turner of the Sheriff's office, with that statement being



attached to his Affidavit as Exhibit A.  See generally, Horton Affidavit, with attached Exhibit.

The Defendants have also provided an Affidavit from Chris Barfield, who attests that he is a member of the Fire Department of the City of Columbia.  Barfield attests that he responded to the fire call on the night of March 17, 2005, and filled out a fire incident report form utilized by the City of Sumter.  Barfield attests that at the time he filled out the report, the cause of the fire had not yet been determined, which is why he noted on the form that the "possible cause of the fire" was "unknown".  Barfield attests that he noted on the report, however, that the fire department investigators had been called to the scene to determine the cause of the fire, and that these investigators were in the process of investigating the cause of the fire when he filled out his report.  Barfield attests that the fire investigation later revealed that the fire was started with someone with an open flame.  Barfield Affidavit, with attached Exhibit A [Fire Incident Report].

Finally, with respect to the charge relating to Plaintiff's claim of retaliation, the Defendants have submitted an Affidavit from David Florence, who attests that he is a Lieutenant in Criminal Investigations with the Sumter County Sheriff's Department.  Florence attests that he was involved in arresting Plaintiff in October 2007 for an arson at an abandoned home, and the Captain Turner had nothing to do with that arrest.  Florence attests that he was the investigating officer who received the call of a possible arson in October 2007, that he responded to the scene, and that fire department investigators determined that the fire had been intentionally set.  Florence further attests that he obtained a statement from a witness who identified the Plaintiff as the individual who had gone toward the abandoned residence shortly before the fire occurred.  See also Exhibit A to Florence Affidavit.  Florence attests that as a result of his investigation, he obtained an arrest warrant for the Plaintiff and also completed an incident report.  See also Exhibit B to Florence Affidavit.  Florence

7



attests that Turner did not know about this incident until after he had made the decision to arrest the Plaintiff, and that Turner did not instruct him to arrest the Plaintiff, nor did he get involved in this incident. See generally, Florence Affidavit with attached Exhibits. In a Supplemental Affidavit submitted by Turner on September 29, 2008 (attached to Turner's Reply Memorandum), Turner attests that Plaintiff subsequently entered an Alford[4] plea to malicious injury to real property involving his October 2007 arrest. See Turner Supplemental Affidavit.

In opposition to summary judgment, Plaintiff has submitted several Affidavits as well as some exhibits as attachments to his memorandum. One of these Affidavits is from Shirley Suggs, who attests that she is the Plaintiff's mother. Suggs attests that she phoned 911 on March 17, 2005, to report that the bed in her son's room had caught fire. Suggs attests that, although she and her son had poured water on the fire to put it out, she wanted the fire department to come out to ensure that the fire was out. Suggs attests that shortly after officials arrived, she confirmed to "one of the officials" that earlier that day she had received a phone call from an unknown caller who stated "things are going to get hot there". Suggs further attests that a second call came in later which her son answered, and that she believes it was the same unknown caller with the same type of threat. Suggs attests that Turner came to the house the following day and arrested her son and charged him with arson. Suggs attests that Turner also took photos and removed some items in her son's room, even though he did not have a warrant. Suggs attests that her son remained in the County jail for eighteen months before being released for lack of evidence. See generally, Suggs Affidavit.

An Affidavit has also been submitted from Kathy Schmitt, who attests that she is Suggs' daughter and the Plaintiff's sister. Schmitt attests that there was very little damage to

---

[4] North Carolina v Alford, 400 U.S. 25 (1970).



Plaintiff's bed or room, and that the window next to where the bed was remained in use after the fire. See generally, Schmitt Affidavit. Another Affidavit has been submitted from Julian Parton, who attests that he is Plaintiff's brother-in-law, and that he also observed little damage at the residence on the day after the fire. See generally, Parton Affidavit.

Plaintiff has also submitted copies of the incident report filled out by Barton, the Affidavit and Arrest warrant issued in this case, Plaintiff's bail papers, and a case history docket showing that the case was dismissed on October 13, 2006 due to insufficient evidence to convict.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).



**I.**

**(March 2005 Arrest)**

With respect to the arson charge of March 2005, Plaintiff alleges that he was wrongfully arrested without probable cause and wrongfully imprisoned. In assessing the existence of probable cause, courts examine the totality of the circumstances known to the officer or officers at the time of the arrest. Taylor v. Waters, 81 F.3d 429, 434 (4th Cir. 1996). Further, while the charges originally filed against the Plaintiff were subsequently dismissed, whether an arrestee is ultimately found to be guilty or innocent on the criminal charge itself is not the issue when assessing probable cause for the original arrest. White v. Coleman, 277 F.Supp. 292, 297 (D.S.C. 1967).

To prove an absence of probable cause, Plaintiff must set forth sufficient facts to show that a reasonable officer would not have been justified in concluding that he committed the criminal act at issue. Brown v. Gilmore, 278 F.3d 362, 368 (4th Cir. 2002). Plaintiff has failed to make this showing, and based on the facts and evidence presented, the undersigned does not find that a genuine issue of fact exists as to whether the Defendant Turner acted without probable cause in this case.[5] To the contrary, the affidavits and other exhibits presented clearly show that both of the named Defendants conducted an investigation, spoke with the Plaintiff, examined the scene, and came to a determination that Plaintiff was not being truthful about the course of events and that Plaintiff was responsible for the fire. Indeed, Plaintiff later admitted in a letter that he had lied when he spoke to the Sheriff's Office about the cause of the fire. Additionally, even with respect to Plaintiff's later changed story, Christmas had already separately determined that Plaintiff's claim of having fallen asleep while

---

[5] As noted by Christmas in his Affidavit, as well the other evidence in the case, none of which is disputed by the Plaintiff, Christmas himself, while filing an investigation report, is not the one who swore to the Affidavit for the Warrant seeking Plaintiff's arrest.



smoking a cigarette was untrue.

Other than his mother's Affidavit claiming that she had received a suspicious call earlier that day, Plaintiff has provided no evidence whatsoever to counter the Defendants' evidence, or to support the general and conclusory claims made in his Complaint that he was somehow improperly charged with arson even though the cause of the fire had been found to be "undetermined". To the contrary, Baker specifically explains that notation on the fire incident report, and again Plaintiff has offered nothing to dispute Baker's statement as to how and why that notation occurred. He has also provided no evidence to discredit the rationale and reasons set forth by the Defendants as to why a determination was made to seek charges against him. While the Court is required to accept all factual allegations in Plaintiff's verified Complaint as true for purposes of summary judgment to the extent they are based on personal knowledge of the Plaintiff; see Williams v. Griffin, supra; the Court is not required to accept as true legal generalities or conclusions. See Papasan v. Allain, 478 U.S. 265, 286 (1986)[Courts need not assume the truth of legal conclusions couched as factual allegations.]; Bender v. Suburban Hospital, Inc., 159 F.3d 186 (4th Cir. 1998); Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987)["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"].

Since Plaintiff has failed to present any evidence sufficient to create a genuine issue of fact on his claim that he was falsely charged and arrested without probable cause or to support his claim that Turner lacked probable cause for his arrest, his claim for false arrest or imprisonment fails. See Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996) [no claim for false arrest where arrest was made pursuant to probable cause]; Porterfield v. Lott, 156 F.3d 563 (4th Cir. 1998).

11



Therefore, this claim should be dismissed.

## II.

### (October 2007 Arrest)

With respect to Plaintiff's arrest in October 2007, Plaintiff claims in his Complaint that he was arrested on this charge in retaliation for his previously dismissed charge and his threat to file a civil claim concerning that previous arrest. However, Plaintiff has provided no evidence whatsoever to support this claim. Conversely, the Defendants have submitted an Affidavit from the arresting officer in the October 2007 case attesting to why Plaintiff was charged in that incident, which includes as attached exhibits a copy of the investigative report for that incident detailing how Plaintiff was identified as the subject, as well as a copy of the statement from the witness who identified Plaintiff as being on the scene shortly before the fire was observed.

Plaintiff has himself provided no evidence to support his claim of retaliation, but instead makes only a general and conclusory statement in his verified complaint that this charge was a result of retaliation and harassment. Plaintiff cannot defeat a well supported summary judgment motion with conclusory statements and allegations. See Woods v. Edwards, 51 F.3d 577, 580-581 (5th Cir. 1995) [summary judgment affirmed where inmate offered no evidence other than his personal belief that the alleged retaliatory actions were based on his exercise of his rights]; Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam) [speculative and conclusory allegations cannot support retaliation claim]; Wright v. Vitall, No. 91-7539, 1991 WL 127597 at**1 (4th Cir. July 16, 1991) [Retaliation claim based on mere conclusory statements cannot withstand defendants' summary judgment motion]; LaCroix v.Williams, No. 97-0790, 2000 WL 1375737 at *4 (W.D.N.Y. Sept. 21, 2000) ["Plaintiff's conclusory allegations aside, there is simply nothing in the record to support his



version of the facts and plaintiff's claim for retaliation fails"]; Harris v. Ostrout, 65 F.3d 912, 916 (11th Cir. 1995)[case dismissed where Plaintiff produced nothing beyond his own conclusory allegations suggesting that prison official's actions were motivated by a retaliatory animus]. Therefore, this claim should also be dismissed.

## **Conclusion**

Based on the foregoing, it is recommended that the Defendants' motions for summary judgment should be **granted**, and this case should be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Charleston, South Carolina

October 7, 2008



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

14

